UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INGRID MARINO, | : | |
| Plaintiff, | : | CASE NO. C2 06 85 |
| | | JUDGE MARBLEY |
| BOARD OF TRUSTEES OF THE COLUMBUS METROPOLITAN LIBRARY | : | MAGISTRATE JUDGE KEMP |
| | : | **DEFENDANT'S MOTION FOR A MORE DEFINITIVE STATEMENT** |
| Defendant. | : | **PURSUANT TO FEDERAL CIV. R. 12(e)** |

Defendant Board of Trustees of the Columbus Metropolitan Library respectfully moves the Court for an Order under Federal Civ. R. 12(e) for a more definite statement, requiring plaintiff to file an amended complaint, specifying the legal basis of and specific claims that she is pursuing against defendant herein. Plaintiff's Complaint as written fails to adequately identify the claims or causes of action plaintiff is pursuing against defendant herein and defendant cannot, therefore, adequately respond to plaintiff's Complaint as written. A Memorandum in Support of Motion is attached hereto and adopted and incorporated as if fully set out herein.

Respectfully submitted,

Carl A. Anthony (0055652)
FREUND, FREEZE & ARNOLD
65 E. State Street, Suite 800
Columbus, Ohio 43215
PH: 614-827-7300
FAX: 614-827-7303
Canthony@ffalaw.com
Attorney for Defendant

## **MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff, Ingrid Marino, has filed this lawsuit against Defendant Board of Trustees of the Columbus Metropolitan Library seeking monetary damages. Although Ms. Marino is pro se, the Court should be aware that she is a lawyer, licensed to practice law in the State of Ohio. See information from Ohio Supreme Court's web site, attached hereto as Exhibit A. As an attorney, plaintiff should be required to file a pleading that adequately sets forth the legal theory upon which she bases her claims and to adequately identify those claims.

Federal Rule of Civ. P. 12(e) states as follows:

(e) Motion For More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Although plaintiff's Complaint is long and greatly detailed with respect to factual information, the legal claims plead by plaintiff are insufficient to allow defendant an opportunity to adequately respond. Because she did not adequeately identify the legal theories she is pursuing, defendant is having difficulty in responding to plaintiff's Complaint with either a motion to dismiss or an answer. Specifically, in order to prepare a motion to dismiss, defendant would need to know what exact legal claims plaintiff is raising. If defendant is to answer the Complaint, defendant would need to understand plaintiff's claims to raise any pertinent affirmative defenses.

At the end of her lengthy Complaint, plaintiff states that she raises only one cause of action, a cause of action for "Breach of Duty." See Complaint, at page 17. In the paragraph numbered 91 which begins on page 17, plaintiff claims that defendant violated a duty to plaintiff "with torts and

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association

other wrongdoing", and then sets out lettered paragraphs designated A-O. In those paragraphs, plaintiff appears to attempt to state claims for assault (paragraph B), intentional infliction of emotional distress (paragraphs D and E), "menacing" (paragraph E), negligence, wrongful imprisonment and assault (paragraph H), psychological torture and grievous emotional injury (paragraph 91 on page 20) and other "malicious, torturous and tortious acts" (paragraph 92). Again, all of these allegations come after what is designated as a single cause of action for "Breach of Duty."

Given these allegations, defendant is at a loss for how to respond to plaintiff's Complaint. Unless plaintiff is required to file an Amended Complaint clearly delineating the causes of action that she is pursuing, defendant may miss a cryptic reference that is meant, by plaintiff, to be some additional claim. This would preclude defendant from seeking judgment on such a claim on a motion to dismiss, and could lead to waiver of an affirmative defense that should be raised in an answer.

For the foregoing reasons, defendant respectfully requests that the Court enter an Order requiring plaintiff to file and Amended Complaint specifically identifying the causes of action she is alleging in this case.

Respectfully submitted,

*/s/ Carl A. Anthony*

Carl A. Anthony (0055652)
FREUND, FREEZE & ARNOLD
65 E. State Street, Suite 800
Columbus, Ohio 43215
PH:   614-827-7300
FAX: 614-827-7303
Canthony@ffalaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing has been served on the following via electronic mail and/or ordinary U.S. Mail on this 24th day of February, 2006:

Ingrid Marino
629 Oak Street, #B
Columbus, Ohio 43215

*Plaintiff Pro Se*

                                                                    Carl A. Anthony