UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INGRID MARINO, | : | |
| Plaintiff, | : | CASE NO. C2 06 85 |
| | | JUDGE MARBLEY |
| BOARD OF TRUSTEES OF THE | : | MAGISTRATE JUDGE KEMP |
| COLUMBUS METROPOLITAN | | |
| LIBRARY | : | **DEFENDANT'S REPLY IN SUPPORT** |
| | | **MOTION FOR A MORE DEFINITIVE** |
| Defendant. | : | **STATEMENT PURSUANT TO** |
| | | **FEDERAL CIV. R. 12(e)** |

Defendant filed a Motion with this Court seeking an Order requiring plaintiff to file an amended complaint to more definitively set forth the claims plaintiff is making against Defendant in this action. This Motion was filed because plaintiff's very lengthy complaint is confusing and does not allow defendant the opportunity to fairly respond since the complaint fails to adequately set forth the legal claims asserted.

Plaintiff responded to defendant's Motion on or about February 26, 2006. In her one-page response, plaintiff states that she is not currently licensed to practice law in Ohio or anywhere else. The undersigned, counsel for defendant, apologizes to the Court for any unintended misrepresentation regarding Ms. Marino's status as a licensed practicing attorney. Counsel reviewed the Supreme Court's web site and simply misunderstood the meaning of the information contained therein. Counsel has confirmed that Ms. Marino is not currently licensed to practice law in Ohio, and that her registration had expired. However, this fact was not the basis for defendant's motion. Defendant simply noted plaintiff's status as an attorney to advise the Court that plaintiff should be better able to present her claims than a typical pro se plaintiff might otherwise do.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

In her response, plaintiff fails to address the merits of defendant's Motion. Even if plaintiff was not a lawyer, defendant's Motion has merit. Plaintiff has failed to set forth any recognizable causes of action in her Complaint. The Complaint arguably contains either one or numerous causes of action. Plaintiff clearly knew enough to purportedly raise various legal issues in the Complaint, but she has failed to set such claims forth in a manner which would allow defendant a fair opportunity to respond.

In *Wells v. Brown*, 891 F2d 591 (6th Cir. 1989), the Sixth Circuit Court of Appeals addressed vague pleadings filed by *pro se* plaintiffs. The court that "[m]inimum pleading requirements are needed, even for *pro se* plaintiffs ... ." Id. at 594.

In *Echols v. Voisine*, 506 F.Supp. 15 (E.D. Mich, 1981), the District Court faced a similar problem. In that case, a pro se litigant filed a complaint which the court described as "so vague and ambiguous as to preclude defending parties from reasonably framing responsive pleadings to it." *Id.* at 16. The Court had directed the plaintiff in that case to file a more definite statement of his cause of action, indicating that the plaintiff had violated the dictates of Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

In *Smith v. Ept Management*, Civil Action No. 3:02-CV-2313-R, (N.D. Texas, 2003), a copy of which is attached hereto at Exhibit 1, the trial court held that:

> Requiring a more definite statement is appropriate when the complaint is sufficient for the court to be able to make out one or more potentially viable legal theories, but it is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.

*Id.* at *3. See also, *McKenzie v. MCI Worldcom, Inc.*, Civil Action No. 99-2517-CM (D.C. Kansas, 2001), attached at Exhibit 2. In all of the cited cases, the plaintiffs were pro se litigants, none of whom had the legal training that plaintiff has, who was a licensed attorney at one point. In each

instance, the Court noted the defendant's right to a pleading which clearly stated the plaintiff's claims.

Fairness dictates that defendant be presented with a complaint to which defendant can reasonably respond. Defendant is not seeking, at this stage, dismissal of plaintiff's complaint. Instead, defendant seeks the reasonable remedy of asking plaintiff to file an Amended Complaint clearly stating the legal bases for her claims in a manner which would allow defendants to respond.

For all the foregoing reasons, and those set forth in defendant's Motion for More Definite Statement filed previously, defendant requests that the Court enter an Order requiring plaintiff to file an amended complaint specifically identifying the causes of action that she is pursuing against defendant herein and the factual bases of such claims so as to allow defendant a reasonable opportunity to prepare and file a response.

Respectfully submitted,

*/s/ Carl A. Anthony*

Carl A. Anthony (0055652)
FREUND, FREEZE & ARNOLD
65 E. State Street, Suite 800
Columbus, Ohio 43215
PH:   614-827-7300
FAX: 614-827-7303
Canthony@ffalaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served on the following via electronic mail and/or ordinary U.S. Mail on this 2nd day of March, 2006:

Ingrid Marino
629 Oak Street, #B
Columbus, Ohio 43215

*Plaintiff Pro Se*

                                              Carl A. Anthony