5 of 100 DOCUMENTS

CHARLES RAY SMITH, Plaintiff, v. EPT MANAGEMENT, Defendant.

Civil Action No. 3:02-CV-2313-R

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

2003 U.S. Dist. LEXIS 5112

March 31, 2003, Decided
March 31, 2003, Filed

**SUBSEQUENT HISTORY:** Accepted by, Motion to strike denied by, Motion granted by *Smith v. EPT Mgmt., 2003 U.S. Dist. LEXIS 5260* (N.D. Tex., Apr. 1, 2003)

**DISPOSITION:** [*1] Magistrate recommends that this Defendant's Motion to Dismiss or to Strike be DENIED, and that Defendant's Motion for More Definite Statement be GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant company filed a motion to dismiss or to strike and a motion for more definite statement in connection with plaintiff individual's pro se action.

**OVERVIEW:** The individual filed a complaint consisting of one sentence: "The Complaint has been typed on paper." Attached to the complaint were various documents detailing the individual's past allegations of discrimination against the company. The court held that the complaint wholly failed to comply with Fed. R. Civ. P. 8(a) because it omitted any statement of the grounds of jurisdiction, of the individual's claims, or of the relief sought. Because the individual was proceeding pro se and the attachments to the complaint permitted the court to make out a potentially viable legal theory, the court did not dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The individual was given an opportunity to amend his complaint to provide a more definite statement of his cause of action and to comply with the pleading requirements. Because the court found that the individual was allowed to replead his case, it recommended that no part of the complaint be stricken under Fed. R. Civ. P. 12(f) as redundant, immaterial, impertinent, or scandalous and in violation of Fed. R. Civ. P. 8(e)(1).

**OUTCOME:** The court recommended that the motion to dismiss or to strike be denied, but that the motion for more definite statement be granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
[HN1] Fed. R. Civ. P. 8(a) requires all pleadings to include: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties*
[HN2] Pro se pleadings are to be construed liberally. Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) without giving the plaintiff an opportunity to amend.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form*
[HN3] Requiring a more definite statement is appropriate when the complaint is sufficient for the court to be able to make out one or more potentially viable legal theories, but it is so vague or ambiguous that the opposing party

cannot respond, even with a simple denial, in good faith or without prejudice to himself. To comply with an order for a more definite statement, the plaintiff must submit an amended complaint sufficient to remedy the defendant's valid objections to the earlier complaint. If the plaintiff fails to comply with the order requiring a more definite statement, the court may then strike the complaint.

**COUNSEL:** Charles Ray Smith, PLAINTIFF, Pro se, Dallas, TX USA.

For EPT Management, DEFENDANT: Mark Dalton Dore, Mounce Green Myers Safi & Galatzan, El Paso, TX USA.

**JUDGES:** IRMA CARRILLO RAMIREZ, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** Irma Carrillo RAMIREZ

**OPINION:**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's Motion to Dismiss or to Strike and Motion for More Definite Statement, both filed on November 14, 2002. These matters are before the undersigned Magistrate Judge for findings and recommendation.

Plaintiff, appearing *pro se,* filed a Complaint against Defendant on October 22, 2002. The body of the Complaint consists of one sentence: "The Complaint has been typed on paper." Attached to the Complaint are various documents detailing Plaintiff's past allegations of discrimination against Defendant.

### I. Motion to Dismiss or to Strike

Defendant alleges that Plaintiff's Complaint fails to comply with the requirements of *FED. R. Civ. P. 8(a)*. *Rule 8(a)* [HN1] requires all [*2] pleadings to include: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Plaintiff's Complaint wholly fails to comply with *Rule 8(a)*. It omits any statement of the grounds of jurisdiction, of Plaintiff's claims, or of the relief he seeks.

Defendant argues that the Complaint should be dismissed pursuant to *FED.R.CIV.P. 12(b)(6)* for failure to state a claim for which relief may be granted. However, [HN2] *pro se* pleadings are to be construed liberally. *Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996).* "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under *Rule 12(b)(6)* without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).*

Because Plaintiff is proceeding *pro se* and the attachments to the Complaint do permit the Court to make out a potentially viable legal theory, the Court believes that Plaintiff [*3] should be given an opportunity to amend his Complaint to provide Defendant with a more definite statement of his cause of action and to comply with the pleading requirements of the Federal Rules of Civil Procedure.

In the alternative, Defendant asserts that the attachments to Plaintiff's Complaint should be stricken according to *FED. R. CIV. P. 12(f)* as redundant, immaterial, impertinent or scandalous and in violation of *Fed. R. Civ. P. 8(e)(1)*. Because the Court finds that Plaintiff should be allowed to replead his case, it recommends that no part of the Complaint be stricken.

### II. Motion for a More Definite Statement

[HN3] Requiring a more definite statement is appropriate when the complaint is sufficient for the court to be able to make out one or more potentially viable legal theories, but it is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew, 204 F.R.D. 104, 106 (W.D. Tex. 2000)* (quoting 5 A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376. p. 577-8 (2d ed. 1990)). To comply with an order for a more definite statement, the [*4] plaintiff must submit an amended complaint sufficient to remedy the defendant's valid objections to the earlier complaint. *Id.* If the plaintiff fails to comply with the order requiring a more definite statement, the court may then strike the complaint. *Id.*

As noted above, Plaintiff's Complaint, which consists of one sentence, wholly fails to comply with *Rule 8(a)* and is too vague and ambiguous to allow Defendant to respond. Accordingly, Plaintiff should be ordered to submit an amended complaint sufficient to comply with the pleading requirements and to apprise Defendant of the claims against it.

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Dismiss or to Strike be **DENIED,** and that Defendant's Motion for More Definite Statement be **GRANTED.**

**SO RECOMMENDED.** This the 31st day of March, 2003.

**IRMA CARRILLO RAMIREZ**

**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title *28, United States Code, Section 636(b)(1)*, any party who desires to object to these findings, conclusions and recommendation must file [*5] and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn, 474 U.S. 140, 150, 88 L. Ed. 2d 435, 106 S. Ct. 466 (1985)*; *Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992)*. Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)* (en banc).

**IRMA CARRILLO RAMIREZ**

**UNITED STATES MAGISTRATE JUDGE**