10 of 100 DOCUMENTS

REVEREND NOLAN MCKENZIE, Plaintiff, v. MCI WORLDCOM, INC., Defendant.

CIVIL ACTION No. 99-2517-CM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

*2001 U.S. Dist. LEXIS 10122*

**March 22, 2001, Decided**

**DISPOSITION:** [*1] Plaintiff's original complaint stricken and that plaintiff's case dismissed in its entirety.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The court ordered the pro se plaintiff to file an amended complaint within 10 days after granting defendant's *Fed. R. Civ. P. 12(e)* motion for a more definite statement. Plaintiff filed a "Memorandum in Opposition to Court Order" to contest the order for a more definite statement.

**OVERVIEW:** Plaintiff sued defendant for defamation, consumer discrimination, and false representation. The court granted defendant's motion for more definite statement and ordered that plaintiff cure his defective pleading within 10 days. Instead of filing an amended pleading, as instructed by the court, plaintiff filed a pleading which restated his arguments. Defendant moved to dismiss, but the court denied that motion while cautioning plaintiff that he should abandon any further attempts to reargue his opposition to the original motion for more definite statement. In addition, the court instructed plaintiff regarding the specifics of filing an amended complaint. Rather than filing an amended complaint as ordered, plaintiff instead filed a pleading apparently again attacking the grant of the motion for a more definite statement. The court found plaintiff failed to comply with the court's order requiring him to file an amended complaint and, in light of plaintiff's repeated failures to comply with this court's orders, the court dismissed the case in its entirety after striking plaintiff's complaint.

**OUTCOME:** The court dismissed the complaint.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form*
[HN1] A defendant is specifically permitted to move for a more definite statement before filing an answer. *Fed. R. Civ. P. 12(e)*.

**COUNSEL:** NOLAN MCKENZIE, plaintiff, Pro se, Overland Park, KS.

For MCI WORLDCOM INC, defendant: Heather S. Woodson, Stinson, Mag & Fizzell, P.C., Leawood, KS.

For MCI WORLDCOM INC, defendant: Sara E. Welch, Stinson, Mag & Fizzell, P.C., Kansas City, MO.

**JUDGES:** CARLOS MURGUIA, United States District Judge.

**OPINIONBY:** CARLOS MURGUIA

**OPINION:**

### MEMORANDUM AND ORDER

Plaintiff Reverend Nolan McKenzie appears pro se in this matter. Plaintiff sued defendant MCI Worldcom, Inc. for defamation, consumer discrimination, and false representation. On August 29, 2000, the court granted defendant's motion for more definite statement and ordered that plaintiff cure his defective pleading within ten days (Doc. 28). Having failed to comply with the court's order, plaintiff was again ordered by this court on November 1, 2000 to cure his pleading defects within ten days (Doc. 36).

Instead of filing an amended pleading as instructed by the court, plaintiff filed a pleading, which he captioned "Plaintiff Amends His Complaint with an 'Order of Court' Dated 8/29/00 and 11/03/00." Defendant moved to

dismiss. [*2] In an order dated December 21, 2000, the court noted that plaintiff merely requested in his pleading that the court review one of plaintiff's previously filed responses to defendant's original motion for more definite statement and attached exhibits of previously filed pleadings. The court construed plaintiff's pleading as a failed attempt to amend his defective pleading. In so doing, the court denied defendant's motion to dismiss but, at the same time, cautioned plaintiff that he should abandon any further attempts to reargue his opposition to the original motion for more definite statement. In addition, the court instructed plaintiff regarding the specifics of filing an amended complaint:

Plaintiff must filed an entirely new complaint, preferably set forth by numbered paragraphs so that defendant can admit or deny each paragraph. Moreover, plaintiff's new complaint should contain separately numbered counts upon which he bases each claim for relief. The court advises plaintiff that he may file an amended complaint that closely resembles his original complaint, but in addition to the allegations set forth in his original complaint, plaintiff must also include allegations which [*3] comply with the court's order for more definite statement. Specifically, plaintiff must include in his claim for defamation the substance of the statement made and the identity of the person(s) to whom the statement was allegedly made. With regard to plaintiff's claim of consumer discrimination, plaintiff must include allegations which fairly notify defendant of the discrimination allegations against it. Finally, regarding plaintiff's claim for false representation, plaintiff must allege what facts or representations about which he is complaining and, to the extent that plaintiff claims a breach of contract, he must describe the alleged contract or its terms and conditions.

Finally, the court ordered:

**Accordingly, plaintiff must within ten days after notice of this order cure the pleading defects outlined in the court's orders of August 29, 2000 and November 1, 2000. Thus, plaintiff should file an amended complaint pursuant to the guidelines set forth in this order. Should plaintiff fail to timely amend his complaint accordingly, the court will strike plaintiff's complaint pursuant to *Federal Rule of Civil Procedure 12(e)* and dismiss plaintiff's cause of action.**

(emphasis [*4] in original).

Rather than filing an amended complaint as ordered by this court, plaintiff instead filed on January 8, 2001 a "Memorandum in Opposition to Court Order, Dated December 21, 2000." To the extent the court can understand plaintiff's arguments, plaintiff attempts to merely reargue his opposition to the court's granting of the motion for more definite statement. Having specifically cautioned plaintiff about further argument regarding this issue, the court will not respond, except to state that the court already has determined that the defendant is entitled to a more definite statement.

Plaintiff also points out that defendant has failed to answer plaintiff's claims and argues that, as a result, plaintiff is entitled to judgment. As previously explained to plaintiff in the court's order dated August 29, 2000, [HN1] a defendant is specifically permitted to move for a more definite statement **before** filing an answer. *Fed. R. Civ. P. 12(e)*. In this case, defendant timely filed its motion for more definite statement, the motion was granted, and plaintiff has yet to amend his complaint. As such, there is no complaint on file to which defendant is required to respond.

Finally, [*5] plaintiff alleges that defendant is suppressing evidence and goes on to state that the court is aware that defendant has been withholding "material evidence." Plaintiff, however, fails to identify what evidence defendant is allegedly withholding. Plaintiff simply asserts this bare allegation and offers no underlying factual support. Indeed, the court is certainly not aware, as plaintiff contends, that defendant has been withholding evidence. If plaintiff seriously contends that defendant is withholding evidence, such allegations should be made in the form of a motion to compel. More importantly, plaintiff's allegations, whether true or untrue, in no way relieve plaintiff from the court's order requiring him to amend his complaint.

The court finds that plaintiff's "Memorandum in Opposition to Court Order, Dated December 21, 2000" is not, and was not intended by plaintiff to be, an attempt to amended his complaint. Thus, plaintiff has failed to comply with the court's order requiring him to file an amended complaint within ten days after notice of the December 21, 2000 order.

Throughout the pendency of this case, the court has recognized that plaintiff appears pro se and has [*6] accordingly construed all of plaintiff's pleadings liberally. It has never been the court's intention to unduly burden plaintiff with pleading technicalities, yet the defendant is entitled to a complaint to which it can reasonably be required to frame a responsive pleading. The court has allowed this case to continue, notwithstanding that plaintiff has repeatedly failed to follow this court's orders. Indeed, more than six months have passed since the court's first order requiring plaintiff to amend his complaint. All the while, the

defendant has been required to expend time and resources in defending plaintiff's numerous nonresponsive pleadings.

Plaintiff has been provided ample opportunities by this court to comply with its orders and has been abundantly cautioned in previous orders regarding the consequences of his failure to file an amended complaint. Notwithstanding, plaintiff simply refuses to comply. In light of plaintiff's repeated failures to comply with this court's orders, and in the interest of justice, the court hereby orders that plaintiff's original complaint be stricken pursuant to *Federal Rule of Civil Procedure 12(e)* and that plaintiff's case be dismissed in its [*7] entirety.

**IT IS THEREFORE ORDERED** that plaintiff's original complaint be stricken and that plaintiff's case be dismissed in its entirety.

Dated this 22nd day of March 2001 at Kansas City, Kansas.

**CARLOS MURGUIA**

**United States District Judge**