UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ingrid Marino                          :
                                       :
        Plaintiff,                     :     Case No. 2:06-cv-085
                                       :
            v.                         :
                                       :     Judge Marbley
Board of Trustees of the               :
Columbus Metropolitan Library :             Magistrate Judge Kemp
                                       :
        Defendant.                     :

ORDER

    Before the Court is defendant Board of Trustees of the
Columbus Metropolitan Library's motion for a more definite
statement pursuant to Fed.R.Civ.P. 12(e).

    Fed.R.Civ.P. 8(a) states, in relevant part, that "[a]
pleading which sets forth a claim for relief...shall contain (1)
a short and plain statement of the grounds upon which the court's
jurisdiction depends..., (2) a short and plain statement of the
claim showing that the pleader is entitled to relief, and (3) a
demand for judgment for the relief...."  Fed.R.Civ.P. 12(e)
states, in pertinent part, that "[i]f a pleading to which a
responsive pleading is permitted is so vague or ambiguous that a
party cannot reasonably be required to frame a responsive
pleading, the party may move for a more definite statement before
interposing a responsive pleading."  As one court noted:

        A district court will grant a motion for a
        more definite statement pursuant to Rule
        12(e) when the pleading at issue is so vague
        or ambiguous that a party cannot reasonably
        be required to frame a responsive pleading.
        The motion must state the defects in the
        pleading and the details desired.  A party,
        however, may not use a Rule 12(e) motion as a
        substitute for discovery.  Given the liberal
        pleading standard set forth in Rule 8, Rule
        12(e) motions are disfavored.  At the same

Dockets.Justia.com

> time, the Supreme Court recently noted that
> if a pleading fails to specify the
> allegations in a manner that provides
> sufficient notice, then a Rule 12(e) motion
> may be appropriate.  In deciding whether to
> grant a Rule 12(e) motion, the trial judge is
> given considerable discretion.

Ekberg v. Pennington, No. Civ.A.02-845, 2002 WL 1611641 (E.D.La. July 19, 2002)(internal quotations and citations omitted).

This Court concludes that Ms. Marino's complaint is so vague and ambiguous that the Board of Trustees of the Columbus Metropolitan Library cannot reasonably be required to respond because the complaint does not specify the allegations in a manner that provides sufficient notice.  Specifically, this Court notes that, while Ms. Marino's complaint is fact intensive, Ms. Marino fails to identify the grounds upon which this Court has jurisdiction.  Further, Ms. Marino has failed to identify a statutory or constitutional vehicle under which she can recover. Finally, her pleading is so detailed a narrative that it does not constitute the "short and plain" statement required by Rule 8.

Accordingly, the Board of Trustees of the Columbus Metropolitan Library's motion for a more definite statement (doc. #4) is GRANTED.  Ms. Marino shall file an amended complaint within ten (10) days which identifies the grounds upon which this Court has jurisdiction and sets forth a short and plain statement of the facts giving rise to the statutory or constitutional theories under which she intends to recover.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge